IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 07-0254 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| vs. | (Doc. 261.) |
| CHARLES MUHAMMAD, | |
| Defendant. / | |

## INTRODUCTION

Defendant Charles Muhammad ("defendant") proceeds pro se and on November 6, 2009, filed papers which this Court construes as a motion to correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court DENIES defendant's requested relief.

## BACKGROUND

### Defendant's Plea And Sentence

Defendant entered into an October 31, 2008 plea agreement to plead guilty to distribution and possession with intent to distribute cocaine base (aka "crack"), 21 U.S.C. § 841(a)(1). Under the plea agreement, defendant make the following agreements and waivers:

1.  "Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea, conviction and

1

sentence on any ground, and defendant further agrees not to contest his plea, conviction or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255";

2. "Defendant agrees to recommend he be sentenced to the no less than the 10 year mandatory minimum sentence applicable in this case"; and

3. "Defendant agrees not to move for a downward departure of his sentence below the 10 year mandatory minimum or the low-end of the guidelines – whichever is applicable in this case. . . . However, once the Court makes a legal ruling on offense level and criminal history category, the defendant may not move for a departure from the guideline calculation for any reason, and may not present evidence for the purpose of inducing the Court to downward depart from the guideline calculation or the monetary minimum. Defendant understands and agrees that this agreement by him includes but it not limited to, not moving for a downward departure of his offense level, criminal history category or criminal history points as defined by the United States Sentencing Guidelines and calculated by the Court, or pursuant to 18 U.S.C. § 3553."

At the October 31, 2009 change of plea hearing, defendant acknowledged under oath that he:

1. Had reviewed the plea agreement and was satisfied with answers to his questions regarding it;

2. Understood the maximum sentence; and

3. Understood and waived his trial and appellate rights.

As such, this Court found defendant's "knowing, intelligent and voluntary change of plea" and "knowing, intelligent and voluntary waiver of rights."

On July 31, 2009, defendant was sentenced to 57-month imprisonment.

### Section 2255 Motion

On November 6, 2009, defendant filed his papers to reduce sentence on grounds of "effecting the ratio between crack cocaine and powder cocaine."

/ / /

/ / /

## DISCUSSION

### Waiver

Defendant's waiver to attack collaterally his sentence with a 2255 motion or a motion for a downward departure precludes his requested relief.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. When reviewing his plea in open court, defendant acknowledged his satisfaction with his plea, waiver of trial and appeal rights and understanding of the maximum sentence. As such, defendant is barred to attempt to reduce his sentence. Because defendant waived his right to collaterally attack his sentence in a 2255 motion, defendant is precluded to raise such issues in a 2255 motion which do not relate to the performance of his attorney. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

### Lowered Sentencing Range

Defendant appears to claim that he is entitled to a reduced sentence based on a lowered sentencing range, pursuant to 18 U.S.C. § 3582(c)(2). Defendant fails to demonstrated that the sentencing range to which he was subject has been lowered. Moreover, defendant's 57-month sentence is well below the available 10-year maximum sentence.

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996).  A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983).  In the absence of a COA, no appeal in a section 2255 proceeding may be heard.  28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief.  *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993).  On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction.  A certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant a sentence reduction and alternative request to appoint counsel.

IT IS SO ORDERED.

**Dated:   November 9, 2009**                    /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE